

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. A. (Bill) Bundy, Chairman
Eleemosynary Investigating Committee
706 Van Buren
Wichita Falls, Texas

Dear Sir:

Opinion No. 0-5657
Re: Residential requirements
of a person employed by
the Board of Control to
act in the capacity of the
Superintendent of an Elee-
mosynary Institution under
the provisions of House
Bill No. 666 and Senate
Bill No. 114, 48th Legis-
lature. And a related ques-
tion.

You have requested the opinion of this department
on two questions concerning the statutory requirement that
the superintendent of a State Hospital shall reside at the
hospital. Your questions are as follows:

"I would like to be advised if a person em-
ployed by the Board of Control to act in the capa-
city of the superintendent is required, under the
law as cited above, to live on the grounds of said
Institution and can such person fill the position
as superintendent and not live on the grounds of
the Institution that he is supervising but instead
live 200 miles away from that Institution and func-
tion in that capacity. And further, will he be in
his legal rights to draw the salary of the super-
intendent under such conditions."

Senate Bill No. 114, Chapter 65, Acts 48th Legisla-
ture, prescribes the qualifications of the superintendent of
a State Hospital, as follows:

"'Section 1. The Superintendent of each
State Hospital shall be a married man, a skilled

Honorable M. A. (Bill) Bundy, page 2

physician authorized to practice medicine in Texas,
and shall have not less than five (5) years ex-
perience in the treatment of mental diseases. He
shall reside at the hospital with his family and
shall devote his time exclusively to the duties
of his office, and may be removed by the State
Board of Control for good cause after a trial in
a court of competent jurisdiction in Travis Coun-
ty, Texas, and a judicial determination of whether
good cause exists for such removal.

"'Sec. 2. Good cause, as referred to in the
preceding Article means commission of any felony
or any other offense involving moral turpitude
or of the failure and refusal of any Superintend-
ent of any eleemosynary institution in the State
of Texas to knowingly and willfully refuse to
carry out the duties prescribed by the Legisla-
ture or by the State Board of Control.

"' . . ..'"

It is noted that the statute states in positive terms
that the superintendent "shall reside at the hospital." Or-
dinarily, when used in a statute, the word "shall" or "must"
is of mandatory effect; but a statute is sometimes held to be
directory notwithstanding the use of the word "shall." 39 Tex.
Jur. 37, "Statutes"; Hess & Skinner Engineering Co. v. Turney,
109 Tex. 208, 203 S. W. 593; McLaren v. State, 82 Crim. Rep.
449, 199 S. W. 811. We find nothing in the wording of this
statute to indicate that the word "shall" was not here used
in the ordinary and imperative sense. And especially is this
true in view of the fact that this language follows immediate-
ly after the requirement that the superintendent "shall have
not less than five (5) years experience in the treatment of
mental diseases," and immediately precedes the requirement that
he "shall devote his time exclusively to the duties of his of-
fice."

It is therefore the opinion of this department that
the superintendent of each State Hospital is required by law
to live at the hospital.

The answer to your second question is governed by
the general provisions of the current biennial appropriation

Honorable M. A. (Bill) Bundy, page 3

to eleemosynary institutions, which includes salary appropriations for all superintendents of State Hospitals. This is House Bill No. 666, Chap. 398, Acts 48th Legislature, Reg. Sess. Among such general provisions is the following (p. 767):

> "No salary shall be paid to any person unless such person actually discharges assigned duties."

As we have seen above, residence at the hospital is one of the duties assigned to the superintendent of each State Hospital.

It is therefore our further opinion that wilful failure or refusal of the superintendent of a State Hospital to reside at the hospital will work a forfeiture of his right to draw the salary attached to such position.

This opinion, of course, is based upon the assumption that the State has provided for, and made available to, the Superintendent suitable living quarters for himself and his family at the State Hospital of which he is Superintendent.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. R. Allen

W. R. Allen
Assistant

WRA:db
J.C.C.


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN